Filed 5/21/25  P. v. Prado CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARK PRADO,<br><br>    Defendant and Appellant. | 2d Crim. No. B334750<br>(Super. Ct. No. BA159466)<br>(Los Angeles County) |

Mark Prado appeals an order denying his petition for recall and resentencing pursuant to Penal Code section 1170, subdivision (d)(1)(A)[1].  The statute provides relief to juvenile offenders who were "sentenced to imprisonment for life without the possibility of parole" (LWOP).  (§ 1170, subd. (d)(1)(A) (§ 1170(d)(1)(A)).)  Appellant was sentenced to prison for an

---

[1] All statutory references are to the Penal Code.

aggregate term of 60 years to life for two murders he committed as a juvenile.

The Attorney General concedes appellant's petition was erroneously denied. However, we conclude appellant is ineligible for section 1170(d)(1)(A) relief because an aggregate sentence of 60 years to life for a double homicide is not functionally equivalent to LWOP. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

When appellant was 14, he shot and killed two people. In 1999 a jury convicted him of one count of first degree murder and one count of second degree murder. (§§ 187, subd. (a), 189.) It found true allegations he had personally used a firearm in the commission of both murders. (§ 12022.5, subd. (a).) He was sentenced to 25 years to life for the first degree murder plus 10 years for the firearm enhancement, and a consecutive term of 15 years to life for the second degree murder plus 10 years for the firearm enhancement.

Appellant petitioned for recall and resentencing in May 2023 pursuant to section 1170(d)(1)(A) and *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*). Section 1170(d)(1)(A) provides: "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." *Heard* held denying section 1170(d)(1)(A) relief to juvenile offenders serving de facto LWOP violates equal protection.

The trial court denied appellant's petition in a 20-page order finding appellant "does not qualify for relief under the

2

express terms of Penal Code section 1170, subdivision (d)(1)(A), because he was not initially *sentenced* to life imprisonment without the possibility of parole" and because the youth offender parole statute (§ 3051) legally eliminated de facto LWOP.

DISCUSSION

Appellant contends, and the Attorney General concedes, he is entitled to section 1170(d)(1)(A) recall and resentencing because *Heard* expanded the statute's reach to include juvenile offenders serving de facto LWOP regardless of their eligibility for section 3051 youth offender parole. As the pertinent facts of appellant's case are undisputed, we review his claim de novo. (See *People v. Davis* (2011) 202 Cal.App.4th 429, 438.) Given the Attorney General's concession, we assume without deciding that section 3051 did not eliminate de facto LWOP and that juvenile offenders sentenced to de facto LWOP are entitled to section 1170(d)(1)(A) relief. Accordingly, we need only consider whether appellant's 60 year to life sentence is de facto LWOP. We conclude it is not.

California's approach to sentencing juvenile offenders has changed dramatically in the 26 years since appellant's sentencing. Motivated in part by two decisions of the United States Supreme Court, *Roper v. Simmons* (2005) 543 U.S. 551 [161 L.Ed.2d 1], and *Graham v. Florida* (2010) 560 U.S. 48 [176 L.Ed.2d 825], the Legislature enacted Senate Bill No. 9 (2011-2012 Reg. Sess.), adding section 1170(d)(1)(A) to provide "an avenue for juvenile offenders serving terms of life without parole to seek recall of their sentences and resentencing to a term that includes an opportunity for parole." (*In re Kirchner* (2017) 2 Cal.5th 1040, 1049 (*Kirchner*).)

3

A year after section 1170(d)(1)(A) became law, the Legislature enacted section 3051 to provide youth offender parole hearings for non-LWOP "juvenile offenders incarcerated for crimes committed before the age of 18." (*People v. Hardin* (2024) 15 Cal.5th 834, 845.) Our Supreme Court later held section 1170(d)(1)(A) does not adequately remedy federal Eighth Amendment errors for juvenile offenders sentenced to LWOP (*Kirchner*, *supra*, 2 Cal.5th at p. 1043) and expanded section 3051 to afford juvenile offenders sentenced to LWOP an opportunity for parole after their 25th year of incarceration.

The defendant in *Heard* had been sentenced as a minor to a term of 23 years plus 80 years to life for two counts of attempted murder and one count of voluntary manslaughter. (*Heard*, *supra*, 83 Cal.App.5th at pp. 613-614.) The trial court denied his petition for recall and resentencing, finding him statutorily ineligible because section 1170(d)(1)(A) only applies to defendants sentenced to explicit LWOP. (*Heard*, at p. 622.) He appealed, asserting section 1170(d)(1)(A) should be interpreted to apply to juvenile offenders sentenced to de facto LWOP because a contrary interpretation of the statute violates equal protection of the laws.

*Heard* held section 1170(d)(1)(A) applies on its face only to defendants sentenced explicitly to LWOP. However, it concluded because "Heard would have to serve 103 years before becoming parole eligible" his sentence "constitutes a de facto life without parole sentence." (*Heard*, *supra*, 83 Cal.App.5th at p. 629.) "As a consequence, denying Heard the opportunity to petition for resentencing under this provision violates his right to equal protection of the laws." (*Id.* at pp. 633-634.)

Appellant echoed this analysis in his section 1170(d)(1)(A) petition. We do not consider *Heard* persuasive here. "'A case is

not authority for propositions not considered.' [Citation.]" (*People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1066 (*Bagsby*).) Significantly, "the court in *Heard* did not discuss how to calculate whether a defendant's sentence is the functional equivalent of life without the possibility of parole (or whether, in non-obvious cases, a court should be making that calculation)." (*People v. Munoz* (2025) 110 Cal.App.5th 499, 508.) Even if we set aside avenues for earlier release, appellant's minimum parole eligibility of 60 years is distinguishable from *Heard's* minimum parole eligibility of 103 years, *Sorto's*[2] minimum parole eligibility of 140 years, and *Bagsby*'s minimum parole eligibility of 107 years.

After oral argument we asked the parties to prepare simultaneous letter briefs on issues raised in *People v. Walton* (Jan. 24, 2025, B334605) [nonpub. opn.], petition for review pending in the California Supreme Court; and *People v. Superior Court (Valdez)* (2025) 108 Cal.App.5th 791. The parties submitted a stipulated supplemental brief asserting neither *Walton* nor *Valdez* alters their analysis and pointing to *People v. Contreras* (2018) 4 Cal.5th 349 (*Contreras*) to support their proposition 60 years to life is de facto LWOP.

The two defendants in *Contreras* were convicted of nonhomicide crimes committed when they were 16. One defendant was sentenced to 50 years to life and the other, 58 years to life. Our Supreme Court granted review to decide "whether the sentences imposed on these juvenile nonhomicide

---

[2] *People v. Sorto* (2024) 104 Cal.App.5th 435 (*Sorto*) [defendant eligible for section 1170, subd. (d)(1) relief despite section 3051 because his sentence of 140 years to life is the functional equivalent of LWOP.]

offenders violate the Eighth Amendment to the Federal Constitution as interpreted in *People v. Caballero* (2012) 55 Cal.4th 262, 268 . . . (*Caballero*) and *Graham v. Florida* (2010) 560 U.S. 48 [176 L.Ed.2d 825] (*Graham*)." (*Contreras, supra,* 4 Cal.5th at p. 356.)[3]

*Contreras* only considers *Graham*'s application to sentences imposed on nonhomicide juvenile offenders in violation of the Eighth Amendment. It did not contemplate the application of section 1170(d)(1)(A) in any scenario or consider what term of imprisonment is functionally equivalent to LWOP for juvenile homicide offenders. Rather, it warned against the "legal and empirical difficulties" associated with courts taking an "actuarial approach" to determining a defendant's life expectancy. (*Contreras, supra,* 4 Cal.5th at p. 364.) This case is neither controlling, nor helpful.

Appellant was convicted of two murders and sentenced to a total term of 60 years to life. He does not assert an Eighth Amendment violation. The only question is whether his prison term provides "'some meaningful opportunity to obtain release'" *during his lifetime*. (*Miller v. Alabama* (2012) 567 U.S. 460, 479 [states must provide juvenile offenders a "'meaningful opportunity to obtain release'"].) If it does, it is not de facto LWOP.

---

[3] *Graham* prohibits imposing LWOP sentences on juveniles for nonhomicide offenses. *Cabellero* extends *Graham*'s prohibition to nonhomicide juvenile offenders sentenced to the functional equivalent of LWOP. (*Caballero, supra,* 55 Cal.4th at p. 268 [where nonhomicide juvenile offender was sentenced to 110 years to life, the court held states must provide "'some realistic opportunity to obtain release'"].)

Based on the evidence and arguments presented here, we cannot conclude 60 years to life is de facto LWOP. Appellant has offered no facts or meaningful authority to demonstrate how or why his sentence fails to provide a meaningful opportunity to obtain release during his lifetime such that it is functionally equivalent to LWOP.

Moreover, "it is typically the function of the Legislature, not the courts, to sift through studies and research and to make policy decisions." (*People v. Munoz, supra*, 110 Cal.App.5th at p. 509.) Section 1170(d)(1)(A) "unambiguously limits eligibility to juvenile offenders sentenced to life without the possibility of parole." (*Munoz*, at p. 511.) "[L]egislative history indicates the Legislature was aware juveniles were serving lengthy sentences that 'amount[ed] to life in prison without parole' [citation] but as the statutory language reflects, the Legislature decided (first in 2013, and then in 2017) not to make such juvenile offenders eligible (yet, anyway) for relief under section 1170, subdivision (d)(1)." (*Id.*, at p. 512.)

This Court strives to interpret section 1170(d)(1)(A) in a manner consistent with its underlying policy objective, which is to provide juvenile offenders serving LWOP an opportunity to recall their sentence and be resentenced to a term providing a realistic opportunity for release. (*Kirchner, supra*, 2 Cal.5th at p. 1049.) Assuming the Legislature intends the statute to apply to juvenile offenders sentenced to de facto LWOP and considering the subjectivity in analyzing whether a lengthy prison sentence amounts to de facto LWOP, we respectfully suggest the Legislature provide a bright line rule for making that determination. We decline to create one here.

DISPOSITION

Judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

8

Henry Hall, Judge
Superior Court County of Los Angeles
_____

Bess Stiffelman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.